Pennington, J.
— It is clear that the bond declared on by the plaintiff, was made in conformity to the fifty-second section of the act. entitled " An act constituting courts for the trial of small causes.” For besides the misnaming the corporation, the condition of the [*3 bond is substantially different from the condition required by the act.
It is, however, said by the counsel for the plaintiffs, that even if the statute hath not been pursued, yet that the bond is good at common law. Independent of the statute, I should incline to think, that a township, on the election of a town officer, might lawfully take a bond of him with sureties, for the faithful performance of the duties of his office, in case he voluntarily entered into it. But where there is a statute provision on the same subject matter, the statute ought to be pursued. After a constable is elected, or appointed into office, he is required by law to repair to the township committee, and on security being required of him, he is commanded to enter into bond to the inhabitants of the township, with one or more sureties, to be approved of by the township committee, and in such sum as they shall direct. In case he neglects to do this, he is not qualified to execute his office, and , also liable to a penalty for non-performance. By the record, it appears that the defendant, Jachonias Forrest, five days after he wras elected constable, entered into bond to the inhabitants of the town, for the faithful performance of his office, with the other defendants in security, in a large sum of money. It is, therefore, to be intended, as I apprehend, that this bond was taken by the *87 township committee, by colour of the act. If it is correct to presume this fact, no doubt can be entertained but that the bond is void. A township committee, under colour of lawful authority, extorts from a constable before they will permit him to exercise an oflice, to which he is elected by the people, and in which he is compelled to serve under a penalty, a condition which they are not authorized by lawr to exact from him. The constable must either give up the advantages and emoluments of his office, and expose himself to punishment, or submit to the terms imposed on him by the town committee — a bond so obtained, cannot meet with countenance in a court of justice.
But as doubts may be entertained as to the correctness [*] of the construction which I have given the record, I shall put my opinion on another point. At common law, a grant, lease or obligation made to a corporation, must be made to them in their corporate name. It is true there is a distinction in this respect between writs and grants, &c. Any variance from the name of a corporation, in a writ, whether in form or substance, will vitiate it; not so in a grant, lease, or obligation. For in the latter, an immaterial variance in a syllable or word, not changing the substance, will not render the instrument ineffectual; but the-least variance in substance, will. This distinction between form and substance, is fully recognized in the case of the Mayor and Burgesses of Lynne Regis, 10 Coke 123, and runs through all the cases there cited. The reason of the distinction between writs and grants, is founded in good sense. If a writ is erroneous, it may be abated and a new one taken out. But there is not the same remedy in case of grants; errors in them are fatal. Hence judges have strained a point to uphold them against mere formal defects; but they have not yet been bold enough to protect them against substantial errors. If in the present case, the bond had been to the inhabitants of the town of Woolwich in the county of Gloucester, making use of the word town in the room of township, this error would be fatal in a writ; but as the variance would be only verbal, it would not vitiate the bond. But the defect, as I apprehend, might be corrected by proper averments — that the words town and township, were substantially the same thing; when the fact might be proved by evidence dehors the instrument. But the omission here is matter of substance, and cannot be got over; the county in which the township is situate, being part of the name of the corporation, is a material and substantial part; the want of it leaves the instrument too vague* *88 and uncertain for judicial cognizance. My opinion, therefore, is, that the defendants must have judgment.
By the Court. — Judgment for the defendants.